IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAZARO TORREZ, | § | |
| A #24-456-136, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-4760 |
| | § | |
| ERIC HOLDER, JR., *et al.*, | § | |
| Respondents. | § | |

<u>OPINION ON DISMISSAL</u>

Petitioner Lazaro Torrez filed a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2241, challenging his continued detention by the Department of Homeland Security. (Docket Entry No.1).  Respondents have filed a motion to dismiss the petition because petitioner has now been removed from the United States to Cuba.  (Docket Entry No.13).  Petitioner has not filed a response to the motion.

The jurisdiction of the federal courts is limited under Article III, section 2 of the Constitution to the adjudication of actual, live "cases" and "controversies."  U.S. CONST. Art. III; *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004).  When a habeas petitioner has been released from custody, the Court can continue to exercise jurisdiction over the petition only if the petitioner "demonstrates 'some concrete and continuing injury other than the now-ended incarceration.'"  *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  In other words, the petitioner must show that "some 'collateral consequence' of the litigation's outcome persists."  *Alwan*, 388 F.3d at 511 (quoting *Spencer*, 523 U.S. at 8).

In his original petition, petitioner challenged the constitutionality of his continued detention pending removal to Cuba.  (Docket Entry No.1).  Petitioner has been removed from the

1

United States; he is no longer detained by the Department of Homeland Security.  (Docket Entry No.14).  Therefore, his personal stake in the outcome of this action–securing his release from federal custody–is moot.  *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that when the habeas relief a petitioner requests can no longer be granted, the case is moot).

Accordingly, respondents' Motion to Dismiss (Docket Entry No.13) is GRANTED.  All pending motions are DENIED, AS MOOT.  This habeas action is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED at Houston, Texas, this 12th day of April, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE